UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

ALLISON ALT,

              Plaintiff,

– against –

SOCIAL IMPACT 360, INC. and THOMAS RAFFA,

              Defendants.

**ORDER**

20 Civ. 4478 (ER)

R󠁁MOS, D.J.:

      Plaintiff Allison Alt brought this action on June 11, 2020 against Social Impact 360, Inc. and Thomas Raffa (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law, and breach of an employment contract. Doc. 1. Pending before the Court is the parties' request for approval of their Settlement Agreement ("Agreement"). Doc. 25.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). To determine whether a proposed settlement is fair and reasonable, the Court must consider the totality of circumstances, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of

>arm's-length bargaining between experienced counsel; and (5) the possibility of fraud and collusion.

*Fisher v. SD Prot., Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012)).  "Where a settlement dismisses with prejudice both FLSA and state law claims," the Court "must take into account at least the existence of the state law claims in assessing the reasonableness of the settlement." *Id.* at 607 n.12.  Additionally, factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues, and a non-disparagement provision that prevents a plaintiff from making truthful statements about her experience litigating the case.  *See Cheeks*, 796 F.3d at 206; *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 & n.65 (S.D.N.Y 2015).  Currently, the Agreement is not fair and reasonable for several reasons.

First, the Agreement contains an overly broad release.  In FLSA settlement agreements, a plaintiff may release any and all wage-and-hour claims that are at issue or could have been at issue in the instant litigation.  *See Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018) (finding that release was proper where all "released claims are related to wage-and-hour or other employee-benefits issues"); *see also Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706 (AJN), 2016 WL 1222347, at *3–4 (S.D.N.Y. Mar. 24, 2016).  However, courts in this District routinely reject release provisions that require a plaintiff to waive claims that have no relationship to wage-and-hour claims.  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016).  Although some courts in this Circuit have concluded that parties may include a general release in an agreement that settles both wage-and-hour and non-wage-and-hour claims, such an agreement must state explicitly that the general release is consideration for the resolution of the latter claims.  *See Chwodhury v. Brioni Am., Inc.*, No. 16 Civ. 344 (HBP), 2017 WL 5953171, at *5–6 (S.D.N.Y. Nov. 29, 2017).

Here, the Agreement states that it resolves all issues relating to Alt's employment with Social Impact 360—including the alleged FLSA violations. Doc. 25-1 at 3. Under the Agreement, Alt releases Defendants and all their current and former employees or affiliates from any and all claims arising from or related to the lawsuit or Alt's employment. *Id.* This release "is intended to be construed broadly to encompass" any federal, state, or local law claims. *Id.* at 4. Because such a broad release is impermissible in FLSA settlement agreements, *see Gurung*, 226 F. Supp. 3d at 228; *Lopez*, 96 F. Supp. 3d at 181, and the Agreement has not specified that the release is consideration for the resolution of Alt's non-wage-and-hour claims, this term is not fair and reasonable, *see Chwodhury*, 2017 WL 5953171, at *5–6.

Second, the Agreement contains an impermissible non-disparagement clause. Non-disparagement agreements "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Lopez*, 96 F. Supp. 3d at 178 (quotation omitted). "While 'not every non-disparagement clause in an FLSA agreement is *per se* objectionable,' a clause which bars a plaintiff from making negative statements about a defendant 'must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [her] case.'" *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (quoting *Lopez*, 96 F. Supp. 3d at 180 n.65). Accordingly, where a settlement agreement contains both wage-and-hour and other claims, a non-disparagement clause may wholly restrict the plaintiff's ability to discuss the latter claims but must still, at a minimum, contain a carve-out for truthful statements about a plaintiff's experience regarding the former claims. *See Santos v. Yellowstone Properties, Inc.*, 15 Civ. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016).

Here, the Agreement requires that the parties refrain from disparaging each other in any manner that would tend to cast each other "in a negative light with regard to [another party's] personal or professional reputation, character, or integrity." Doc. 25-1 at 4. This provision bars Alt from making truthful statements regarding her wage-and-hour claims that may have negative consequence on the other parties, *see Lopez*, 96 F. Supp. 3d at 180 n.65, and the Agreement lacks a carve-out to allow Alt to make those statements, *see Weng*, 2016 WL 3566849, at *4. Accordingly, the term is not fair and reasonable.

Separate from these two issues, the Agreement lacks information necessary for the Court to complete its review pursuant to *Cheeks*. Although the parties' letter accompanying the Agreement indicates that Social Impact 360 has paid $35,038.54 directly to Alt for her FLSA claims, Doc. 25 at 1, the Agreement neither states that figure nor specifies what portion of that amount—or the additional $15,000 for Alt's other claims—is allocated for attorney's fees, *see* Doc. 25-1 at 1. Additionally, courts must "independently ascertain the reasonableness of" an award of attorney's fees, *Gurung*, 226 F. Supp. 3d at 229–30, and doing so requires counsel to "submit evidence providing a factual basis for [an] award," *Wolinsky*, 900 F. Supp. 2d at 336. Because the Agreement lacks this information, the Court cannot determine whether the Agreement is fair and reasonable as to the settlement award or attorney's fees in relation to Alt's wage-and-hour claims.

Accordingly, the parties' request for approval of the Agreement is DENIED without prejudice. The parties may proceed in one of the following ways:

1. File a revised letter to the Court and a revised signed settlement agreement addressing the concerns expressed in this Order by **November 23, 2020**; or

2. File a joint letter by **November 23, 2020** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will set a date for a pre-trial conference.

It is SO ORDERED.

Dated:   November 9, 2020
        New York, New York

                                              EDGARDO RAMOS, U.S.D.J.