# SLARSKEY LLC / 420 Lexington Avenue / Suite 2525 / New York, NY 10170

Renee B. Bea
(646) 893-1700
rbea@slarskey.com

November 20, 2020

**VIA CM/ECF FILING**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007
Tel (212) 805-0294

Re:  *Alt v. Social Impact 360, Inc., et al.,* Case No. 1:20-cv-04478

Dear Judge Ramos,

On behalf of all Parties, counsel representing Plaintiff and Defendants in the above captioned action submit this Supplemental Joint Letter Motion ("Motion") to request that this Court approve the Parties' Settlement Agreement, providing for settlement of all claims in the action, including those arising under the Fair Labor Standards Act ("FLSA"), and dismiss the action with prejudice. This Motion is being submitted pursuant to Your Honor's Order (Dkt. 26), and is based on this letter and the Affidavit of Renee Bea ("Bea Aff."), including exhibits, filed concurrently herewith.

On October 29, 2020, the Parties jointly submitted a request for the Court to approve a proposed settlement agreement. (Dkt. 25, 25-1.) On November 9, 2020, the Court issued an Order (Dkt. 26) addressing the Parties' joint request. The Court's Order directs the Parties to file a revised letter requesting approval of the Settlement Agreement that addresses concerns raised in the Order relating to: (i) an overly broad release; (ii) a non-disparagement provision; and (iii) information regarding the amount of the settlement that will be allocated for attorneys' fees to permit the Court to assess whether such fees are fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 200 (2d Cir. 2015). *See* Order, 2-4.

**Arms'-Length Settlement Discussions**: On June 11, 2020, the Plaintiff filed this action asserting claims for unpaid wages and ancillary benefits arising under the FLSA and New York Labor Law, and breach of an employment agreement.  The Parties, through counsel, began settlement discussions in August 2020. Defendant Social Impact 360, Inc. has already paid $35,038.54 directly to Plaintiff to address substantially all back pay demanded in the Complaint. (Bea Aff. ¶5.) This amount was paid in two installments on July 27, 2020 and on August 24, 2020.  *Id.* As further evidence of the Parties' good faith commitment to reaching a mutual resolution, the Parties agreed to multiple joint requests to this Court to extend Defendants' deadline to respond to the Complaint in order that both Parties could conserve party resources

and focus instead on reaching a resolution. (*See* Dkt. 15, 19.) As a result of these efforts, the Parties have agreed to the terms of the attached Settlement Agreement (Bea Aff., Ex. 1), which includes additional consideration, including an *additional* $15,000 payment to settle Plaintiffs' non-wage claims, emotional distress, attorneys' fees, penalties, and/or liquidated damages.

**Modifications to the Settlement Agreement**: Pursuant to the Court's Order, the release provision has been modified to "state explicitly that the general [mutual] release is consideration for the resolution of [Alt's non-wage-and-hour] claims." (*See* Bea Aff., Ex. 1 at ¶10; Order at 2-3.) In addition, Paragraph 2 of the Settlement Agreement clarifies that the settlement includes a payment of $35,038.54 to Alt to satisfy her wage claims, and a proposed *additional* payment of $15,000 to address Alt's non-wage claims, including to cover attorneys' fees. (*See* Bea Aff., Ex. 1 at ¶2; Order at 3.) *See Chwodhury v. Brioni Am., Inc.*, No. 16 Civ. 344 (HBP), 2017 WL 5953171, at *5–6 (S.D.N.Y. Nov. 29, 2017) (settlement agreement expressly delineating between consideration for FLSA and non-wage claims is acceptable). Finally, the Settlement Agreement's non-disparagement clause, a provision desired by all Parties, has been modified to expressly carve out that, "Alt is not prevented from making truthful statements regarding her experience with regard to litigating her wage-and-hour claims in the Lawsuit." (*See* Bea Aff., Ex. 1 at ¶11; Order at 3.) The changes described above are reflected in Exhibit 2, which is a redline against the proposed settlement agreement submitted on October 29, 2020. (Bea Aff., Ex. 2.)

With these modifications, the Parties submit that the proposed Settlement Agreement is fair and reasonable under the circumstances. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In determining whether the proposed settlement is fair and reasonable, the Court should consider:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335.  In this case, the first three factors are intertwined. The potential recovery that Plaintiff could have achieved at trial, assuming she proved all of her claims and was awarded the maximum allowed at law, would have been an award of back pay ($35,038.54), liquidated damages *up to* the full back pay owed ($35,038.54), penalties for missed pay periods under New York Labor Law §197, some yet to be determined amount for expense reimbursements, and attorneys' fees. *See* FLSA, 29 USC §216; N.Y. Lab. Law §198.1-a, 197. There exist, however, genuine disputes regarding—and related litigation risk arising from—whether Defendants are employers and whether Plaintiff, as the sole employee and Executive Director of Social Impact 360, Inc., was an employee within the meaning of the FLSA and New York Labor Law. *See* FLSA, 29 USC §203(a), 207(a)(1); N.Y. Lab. Law §191. There are also genuine disputes regarding the terms of Plaintiff's employment agreement. As a result, Plaintiff could also have received much less than a full recovery, potentially being limited to payment of her earned salary ($35,038.54) by contract. This possible range of recoveries does not account for any counterclaims or offsets that might have been charged against Plaintiff. Through the proposed Settlement Agreement, Plaintiff will have received one-hundred percent of claimed

wages ($35,038.54), as well as *additional* consideration of $15,000 that addresses non-wage claims and the payment of attorneys' fees in this matter. (*See* Bea Aff., Ex. 1.) This negotiated resolution at this early, pre-answer stage of the litigation is advantageous, removing substantial burdens on the Parties, expenses in taking the matter to trial, and risks associated with the litigation. Thus, balancing the possible range of recovery against the burden and expense of litigating this case to a final judgment, the proposed settlement represents a fair and reasonable settlement of the claims asserted in the action. *Wolinsky*, 900 F. Supp. 2d at 335.

As to the fourth and fifth factors, the proposed settlement was the product of an arms'-length negotiation that took place over the course of several months, as evidenced by the jointly submitted requests for extensions of time to allow for those negotiations to take place. *See* Dkt. 15 ("The reason for the request is to enable the parties to explore potential early resolution of the litigation."), Dkt. 19 ("The parties have made substantial progress in their settlement discussions and have reached a settlement in principle…"). The back-and-forth inherent in such an arms'-length negotiation is also evident in the time records submitted in support of this Motion. *See, e.g.,* Bea Aff., Ex. 3 ("Call with opposing counsel regarding settlement" on Aug. 4, 2020 *and* "Call with A. Alt regarding settlement strategy and preparing offer of settlement" on Sept. 21, 2020). Moreover, nothing suggests that there was fraud or collusion, particularly given the Parties each had independent counsel, and the settlement amounts are not pulled out of thin air but, rather, grounded calculations of the *actual* amounts of unpaid wages owed to Ms. Alt. *See Brown v. City of New York*, No. 17-CV-9078 (AJN), 2020 WL 6392779, at *3 (S.D.N.Y. Nov. 1, 2020).

**Reasonable Attorneys' Fees**:

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336. "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Id.* To that end, the Slarskey LLC firm has provided detailed time records showing the dates worked, the attorney, the nature of the work, and the amount of time spent on the matter. (Bea Aff. ¶6, Ex. 3.)

In this case, the attorneys' fees claimed by the Slarskey LLC firm are more than reasonable. Notwithstanding that its engagement entitles it to more, the Slarskey LLC firm will retain only 25 percent of the Net Recovery by Ms. Alt, electing, on its own, to modify its fee in a manner that allows Ms. Alt to recover more than the full amount of her unpaid wage claim. (Bea Aff. ¶8-12, Ex. 4.) Contingency fees of one-third of a recovery are "routinely approved" in the Second Circuit. *Chowdhury v. Brioni Am., Inc.*, No. 16 CIV. 344 (HBP), 2017 WL 5953171, at *6 (S.D.N.Y. Nov. 29, 2017). Moreover, under a traditional "lodestar" analysis, i.e. the number of attorney hours reasonably expended times a reasonable hourly rate, which is the presumptive measure for a reasonable fee, *Wolinsky*, 900 F. Supp. 2d at 336, the attorneys' fee award in this case would be $51,675.00. (Bea Aff. ¶10 *and* Ex. 3.)  Therefore, Slarskey LLC's request for approval of $11,259.67, or 25% of the Net Recovery, much less than any award of fees that would be deemed reasonable at law, is fair and reasonable.

SLARSKEY LLC

---

Accordingly, the Parties respectfully request that the Court enter an Order approving the Parties' Settlement Agreement and dismissing the action with prejudice, with each party bearing its own costs.

Thank you for your attention to this matter.

Respectfully submitted,

| | |
|---|---|
| SLARSKEY LLP | VEDDER PRICE P.C. |
| /s/ Renee B. Bea | /s/ Joshua Dunn |
| Renee B. Bea, Esq.<br>*Counsel for Plaintiff* | Joshua Dunn, Esq.<br>*Counsel for Defendants* |

cc:  Amy L. Bess, Esq
     Counsel for Defendants

Encl:
Affirmation of Renee B. Bea
Exhibit 1: Executed Settlement Agreement
Exhibit 2: Redline Proposed Settlement Agreement
Exhibit 3: Slarskey LLC Time Records
Exhibit 4: Alt - Slarskey LLC Engagement Letter