UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLISON ALT,

                    Plaintiff,

          – against –

SOCIAL IMPACT 360, INC. and THOMAS
RAFFA,

                    Defendants.

**ORDER**

20 Civ. 4478 (ER)

RAMOS, D.J.:

Plaintiff Allison Alt brought this action on June 11, 2020 against Social Impact 360, Inc. and Thomas Raffa (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law, and breach of an employment contract.  Doc. 1.  On October 29, 2020, the parties submitted their first application to the Court for settlement approval.  Doc. 25.  On November 9, 2020, the Court declined to approve that application without prejudice because:  (1) the agreement contained an overly broad release that failed to specify that the release was consideration for the resolution of Alt's non-wage-and-hour claims, (2) the agreement contained an impermissible non-disparagement clause that barred Alt from making truthful statements regarding her wage-and-hour claims, (3) the agreement failed to mention the amount allocated to settle Alt's wage-and-hour claims and failed to specify what portion of the settlement award was allocated for attorney's fees, and (4) plaintiff's counsel failed to submit evidence to support their award of attorney's fees.  Pending before the Court is the parties' revised settlement agreement (the "Revised Agreement") and amended letter motion in support.  Doc. 27.

The parties have addressed the Court's concerns regarding the original agreement.  First, the Revised Agreement now explicitly states that Alt's general release of all claims against Defendants is consideration for the resolution of Alt's non-wage-and-hour claims.  Doc. 27-2 at 3.  Second, the Revised Agreement's non-disparagement provision contains a carve-out that allows Alt to make truthful statements regarding her experience with her wage-and-hour claims, irrespective of whether those statements have any negative consequences on Defendants.  *Id.* at 4.  Third, the Revised Agreement specifies that Alt received $35,038.54 to satisfy her wage-and-hour claims, *id.* at 2, and the parties note that her counsel's proposed fee award is $11,259.67 (or 25% of the net recovery), Doc. 27 at 3.  Fourth, Alt's counsel submitted documentation in support of the proposed fee award.  Doc. 27-4.  Thus, the Court now turns to determining whether the terms of the Revised Agreement are fair and reasonable.

Counsel for both parties agree that the settlement amount allocated for Alt's wage-and-hour claims—$35,038.54—represents the total amount of back-pay at issue in this matter.  Doc. 27-1 ¶ 4.  As such, the Revised Agreement's award for her wage-and-hour claims is fair and reasonable.  *See Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018).

The Revised Agreement also allocates a fair and reasonable portion of the settlement to Alt's attorney's fees.  "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request."  *Gurung v. White Way Threading, LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016).  To determine the reasonableness of a fee request, courts consider the portion of the total settlement amount, net costs, that the fee request represents.  *See id.* at 230; *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *1–2 (S.D.N.Y. Jan. 2, 2019).  Courts in this District routinely award one third of a settlement fund,

net of costs, as a reasonable attorney's fee in FLSA cases. *Flores Hernandez v. Vill. Nat. Rest. Corp.*, 19 Civ. 8378 (ER), 2020 WL 5518314, at *1 (S.D.N.Y. Sep. 14, 2020); *see also Gurung¸* 226 F. Supp. 3d at 230. Here, Alt's counsel's fee award is $11,259.67, which represents 25% of the net recovery of all claims, and 24% of the sum of the fee award and the award for settling Alt's wage-and-hour claims.[1] *See* Doc. 27 at 3.

Still, "[e]ven when a plaintiff has entered into a contingency-fee arrangement with [her] attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'" *Hernandez v. Boucherie LLC*, 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo*, 2019 WL 95638, at *2). The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To determine the reasonableness of a requested hourly rate, courts consider the prevailing market rate in this District. *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019). Courts in this District have found that an hourly rate ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases. *See id.*

Alt's attorneys have provided documentation stating that they worked 83 hours on this matter, Doc. 27-1 ¶ 7; *see* Doc. 27-4, and assert that Renee Bea has an hourly billing rate of $650 and Evan Fried has an hourly billing rate of $450, Doc. 27-1 ¶ 7.[2] Alt's attorneys assert that these figures yield a lodestar of $51,675.00.

---

[1] As Alt's counsel note, those percentages are lower than the contingency fee percentage (35%) specified in the engagement letter between Alt and her counsel. Docs. 27 and 27-1.

[2] Alt's counsel provide no information or documentation supporting these proposed hourly rates.

Although the purported hours worked are high given the early procedural posture of this case—discovery has not commenced, and there has been no motion practice—and the proposed hourly rates are well above the norm in FLSA cases, *see, e.g.*, *Flores Hernandez*, 2020 WL 5518314, at *1, the Court need not determine the reasonableness of these figures; even if both the hours billed and the hourly rates are reduced to amounts typically found in wage-and-hour disputes at this procedural juncture, the proposed fee award would still be fair and reasonable. For example, an hourly rate of $250 for 30 hours worked would result in a lodestar of $7,500; in that case, the fee award would yield a multiplier of 1.5 times the lodestar.  Courts in this District have concluded that a multiplier no greater than 2 "should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases," *Lazo*, 2019 WL 95638, at *3, and the multiplier here would be even lower with higher hourly rates and hours worked.  Thus, the portion of the Revised Agreement allocated for attorney's fees is fair and reasonable.  *See id.*

The Revised Agreement otherwise represents a fair and reasonable settlement.  *See Fisher v. SD Prot., Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  Accordingly, the parties' request for approval of the Revised Agreement is GRANTED.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   December 2, 2020
         New York, New York

_____
Edgardo Ramos, U.S.D.J.